ANNA ZMUDA *vs.* JAMES MCFARLAND.

ADELE L. BROUILLETTE *vs.* SAME.

MARCH 27, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are actions of trespass on the case for negligence arising out of an automoible collision which occurred on June 19, 1931, in East Warren, Rhode Island. After trial before a justice of the Superior Court without the intervention of a jury, decision was rendered for the plaintiff in each case. Each case is now before this court on the plaintiff's exception on the ground that the damages

awarded are inadequate, and on the defendant's exceptions as follows: to the decision for the plaintiff, to the refusal to enter decision for the defendant and to the admission of testimony regarding a mark upon the road at the scene of the accident.

On the day of the accident the plaintiffs had hired the defendant, a taxicab owner and operator, to convey them from the business center of the town of Warren to their home located on a small lane running off Child street in East Warren. Defendant drove his cab easterly along the south side of Child street until he was near its intersection with said lane, to enter which he had to make a left turn crossing Child street. As he neared said intersection he and his passengers saw a five-ton truck coming westerly along Child street toward the intersection at a speed of over 30 miles per hour. The collision occurred at about the center of Child street near the intersection, the left front part of the cab striking the left front part of the truck.

There was evidence that when the collision occurred the defendant was not on his right-hand side of the street but had crossed the white center line thereof. Plaintiff Brouillette testified that defendant turned left and then suddenly back to the right too late to regain the right-hand side of the street before the cab was struck. Plaintiff Zmuda also testified that defendant turned left in front of the truck.

The defendant admitted that as he approached the lane, going approximately 30 miles per hour, he saw the truck about 100 yards away coming toward him. Witnesses for defendant testified that he slowed down to make the turn but that, upon noticing the approach of the truck, he stopped; that the truck driver, unable to check the speed of the truck because of its defective brakes, swerved from his right-hand side of the street to his left-hand side, causing the truck to collide with the taxi.

The record discloses a conflict of evidence on the question of negligence. The defendant, by crossing the center line of the street into the path of the truck, may have been guilty

of such negligence as to constitute the proximate cause of the accident. The duty of a common carrier of passengers in the exercise of due care is to avoid placing his vehicle in a position of danger. Had defendant remained on his side of the street, the truck in all probability would have proceeded on its proper course, and the collision would not have occurred. The speed at which the truck driver approached the intersection in disregard of the defective brakes of the truck may have contributed to the collision, but his negligence does not permit defendant to evade his responsibility. It is well settled that where a defendant's negligence is the proximate contributing cause of an accident he will not be relieved from liability because the negligence of another person concurred therein. 3 Cooley on Torts (4th ed.) §529.

Defendant further contends that the plaintiffs were guilty of contributory negligence in failing to warn him of the impending danger. Plaintiffs were occupying the rear seat of the cab and were much less advantageously situated than defendant for observing oncoming traffic. When they saw the truck approaching they had every right to assume that defendant would remain on his right-hand side of the street and allow the truck to pass before making his left turn. According to the testimony of plaintiff Zmuda, the passengers did not anticipate the collision until defendant suddenly turned to his left in front of the truck, and there was then nothing they could do to prevent the accident; an outcry on their part would probably have increased the hazard.

A passenger or a guest who is riding in an automobile is not obliged to protest the manner of the operation of the vehicle if there is no impending danger or where the danger arises so unexpectedly that a statement or act of the passenger would not change the situation or where it might increase the danger. *Hermann* v. *R. I. Co.*, 36 R. I. 447; *Barrett* v. *R. I. Co.*, 44 R. I. 147.

The trial justice saw and heard the parties and found in favor of the plaintiffs. There is ample evidence to support his decision and we find no error in said decision, in the

rulings upon admission or exclusion of testimony or in the refusal to give decision for defendant. Defendant's exceptions are all overruled.

Plaintiffs excepted on the ground that the damages awarded—$800 to plaintiff Zmuda and $225 to plaintiff Brouillette—were inadequate. Mrs. Zmuda's bills for medical treatment, X-rays and glasses totalled $180. The accident left her with a permanent scar on her forehead and with slightly impaired vision necessitating the wearing of glasses. Mrs. Brouillette's injuries consisted of a deep laceration of her left shin, lacerations and bruises of both elbows, back strain and pain in one foot. Her medical expenses totalled about $50.

Plaintiffs also claim compensation for loss of wages, but the evidence adduced in support of this claim was vague and conjectural. At the time of the accident neither plaintiff was employed and neither offered any specific statement of her prospects of obtaining employment.

In view of these facts, this court cannot say that the damages awarded each plaintiff are inadequate compensation for the injuries received and the expenses incurred. The plaintiffs' exceptions are overruled.

The cases are remitted to the Superior Court with direction to enter judgment on the decisions therein.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for plaintiffs.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for defendant.